# United States District Court
## For
## The Western District of New York

### SECOND AMENDED Petition for Offender Under Supervision

*FILED MAY 06 2022 MARY C. LOEWENGUTH, CLERK WESTERN DISTRICT OF NY*

| | |
|---|---|
| **NAME OF OFFENDER:** | John Di Blasi aka "Dr. Johnny"  **CASE NUMBER:** 1:21CR00148-001 |
| **ADDRESS OF OFFENDER:** | 678 Ridge Road, (Upper), Buffalo, NY 14218 |
| **SENTENCING JUDGE:** | Honorable R. Stan Baker, U.S. District Judge, Southern District of Georgia |
| **SENTENCING DATE:** | June 13, 2019 |
| **INSTANT OFFENSE:** | Conspiracy to Unlawfully Distribute Oxycodone, in violation of 21 U.S.C. §846, 21 U.S.C. §841(a)(1), 21 U.S.C. §841(b)(1)(C), and 18 U.S.C. §2. |
| **ORIGINAL SENTENCE:** | Thirty-three (33) months custody of the Bureau of Prisons, to be followed by three (3) years of supervised release. Special conditions include: drug testing; search; mental health treatment; and a special assessment fee of $100 (paid in full). |
| **MODIFICATION:** | On April 30, 2021, the defendant's conditions were modified to include drug treatment. |
| **TRANSFER OF JURISDICTION** | On September 13, 2021, jurisdiction was accepted by the Honorable John L. Sinatra, Jr., U.S. District Judge for the Western District of New York. |
| **TYPE OF SUPERVISION:** | Supervised Release |
| **SUPERVISION COMMENCED:** | June 18, 2021 |
| **ASSISTANT U.S. ATTORNEY:** | TBD |
| **DEFENSE ATTORNEY:** | TBD |

## PETITIONING THE COURT

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| **Charge #1/**<br>**Standard Condition #7** | "…**If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.**" |

RE: John Di Blasi aka Dr. Johnny
1:21CR00148-001
Page 2

**Details:** Following commencement of the defendant's supervised release, he reportedly began working for Tusk Construction and Real Estate. On December 8, 2021, the defendant texted U.S. Probation Officer Andrew Kerrissey and stated, "For health reasons, I will be taking some time off of work with the construction company. I will still be managing operations from my home office. I will be working part time at a spa as a wellness director. I can report the details on my next monthly report; if you need more information let me know. USPO Kerrissey replied, "Text me the info for the part time job," to which the defendant responded:

"Spa at Falling Waters
3385 Orchard Park Rd.
Orchard Park, NY 14127

Wellness Director
Fellowship in Anti-Aging
(1 year post-doctoral academic program)

Supervisor: Paul Salzler (co-owner)"

USPO Kerrissey asked the defendant to indicate his schedule, wages, and start date, to which the defendant replied, "About 15 hours per week; volunteer for now then $20 per hour by beginning of new year; officially started yesterday (12/7/21) - this is a Tusk Construction and Real Estate project." During an office visit with USPO Kerrissey on January 21, 2022, the defendant stated he was working at the spa Monday through Wednesday, 9:45 a.m. to 5:00 p.m., in addition to the same hours on Saturdays.

On January 23, 2022, the defendant emailed the following to USPO Kerrissey:

"According to the conditions of my probation, I am to report any changes in employment status. At the spa, I will continue to be Wellness Director, working only on a fee-for-service basis under Lifespring Wellness, a LLC that I own to provide weight loss consultation and athletic training services. I will continue to study in my Fellowship while I apply for medical licensure. Thank you. Go Bills!!

Dr. Johnny"

On April 7, 2022, the defendant emailed the following to USPO Kerrissey:

"Ofc. Kerrissey:

I realize I was not taking a paycheck for working at the spa, but I would like to change my status to a full-time student, officially. I am working from my home and working on my continuing medical education, in order to get my medical license in New York State. If you have any questions, please contact me to clarify any details of my current employment activities so I am in 100% compliance. I guarantee I am working at least 30 hours per week in volunteer activities helping other veterans. I look forward to the conclusion of our relationship under supervision.

I await the PSR you have promised so I may successfully expunge my 'southern' based case.

Thank you,

Dr. Johnny"

On April 7, 2022, USPO Kerrissey received an ATLAS hit indicating an incident report had been filed with the Orchard Park Police Department that included allegations by a staff member at the Spa at Falling Waters that the defendant was sending her text communications she considered to be harassing in nature. Because that staff member was not a resident of Orchard Park, the police department advised her to file a report in her town of residence.

On April 7, 2022, USPO Kerrissey and Supervisory U.S. Probation Officer John Taberski initiated an investigation into the defendant's employment at the Spa at Falling Waters. According to the spa manager, the defendant was hired as a contracted employee on November 23, 2021, and he was terminated by the owner of the spa on April 1, 2022. The manager advised that the defendant was employed as a massage therapist at the spa, and he was not authorized to conduct any other activities there. She stated he performed over 260 massages during his employment period, and he was compensated for all of them. The manager stated there was no truth to the defendant's claim that he held the position of "Wellness Director," nor was any staff member at the spa aware that he was providing any service(s) other than massages. One female customer complained that the defendant asked her out on a date while massaging her, and he stated he would get her phone number from the spa computer records. According to the manager, the defendant made several staff members, including her, feel uncomfortable by making rude/personal comments on a regular basis. After being told by the spa owner that he needed to cease his employment on April 1, 2022, he removed his belongings from the business on April 5, 2022.

On April 14, 2022, the defendant reported to the probation office and was interviewed by USPO Kerrissey. The defendant claimed that his last day working at the spa was April 8, 2022. The defendant denied being terminated and claimed that he left because of a disagreement he had with the owner when she indicated she would begin charging him rent to utilize space at the spa. USPO Kerrissey asked the defendant to discuss the details of his employment at the spa, to which the defendant claimed he provided "wellness consulting" to "mostly veterans and their wives." The defendant stated he consulted on issues such as fitness and nutrition and was not compensated for his services. Following USPO Kerrissey's meeting with the defendant, SUSPO Taberski followed up with the spa manager, who reiterated that there was no truth to the defendant's claims, and that he was paid for performing massages, his only authorized activity.

According to public records, the defendant is not authorized to work as a massage therapist in New York. This matter has been referred to law enforcement for an investigation into the defendant's activities as the Spa at Falling Waters, and the investigation remains pending at this time.

**Charge #2/**           <u>"You must not commit another federal state or local crime"</u>
**Mandatory Condition**

**Details:** Please see details in Charge No. 1. The defendant's false statements regarding the nature of the activities he performed at the Spa at Falling Waters, as well as his denial that he was compensated for said activities, constitute violations of 18 U.S.C. §1001.

## SUPPLEMENTAL CHARGE

**Charge #3/**          <u>"You must not commit another federal state or local crime"</u>
**Mandatory Condition**

**Details:** Between on or about November 23, 2021, and April 1, 2022, the defendant worked as a massage therapist in Orchard Park, New York, without a license to do so, which is conduct constituting violations of New York Consolidated Laws, Education Law §6512, Class E felonies.

On April 19, 2022, Supervising U.S. Probation Officer John Taberski spoke with Marie Regelin, the owner of Spa at Falling Waters in Orchard Park, New York. Ms. Regelin stated that in or about November 2021, the defendant expressed interest in purchasing her spa. Ms. Regelin stated the defendant told her his name was "John Aquila," and that he worked under "Life Spring, LLC." The defendant told Ms. Regelin that he could work as a massage therapist while he and his "business partners" considered buying the spa. Ms. Regelin had an opening for a massage therapist, so she hired the defendant to fill that position. "He was strictly paid for giving massages," stated Ms. Regelin.

Ms. Regelin stated that after approximately one month, she wrote a check to the defendant in the name he provided, "John Aquila," but he asked her to write it to "Life Spring, LLC." Subsequently, Ms. Regelin received a call from a friend, who cautioned her to "be careful" of the defendant, whom the friend knew to be a convicted felon. Ms. Regelin's friend advised her of the defendant's true name, John Di Blasi, at which time she Googled him and discovered his true identity and involvement with the criminal justice system. Ms. Regelin stated she confronted the defendant, who stated he was suing "the feds" and the media who reported on his federal case. Ms. Regelin stated she remained concerned due to the defendant's use of a false name, as well as information she read about his federal case. Nevertheless, he continued to work as a massage therapist at the spa.

Ms. Regelin stated she voiced concern to the defendant that she could get in trouble for allowing him to work as a massage therapist without appropriate licensure, but the defendant assured her that he was able to work legally under a licensed therapist until he obtained his New York license. Ms. Regelin stated that as weeks went by, she suspected he was never getting his license, which is one of the reasons she told him he had to leave her place of business. Ms. Regelin stated she paid the defendant a total of $11,563.36 for the massages he performed.

Following SUSPO Taberski's conversation with Ms. Regelin, this matter was referred to the New York Attorney General's Office. According to Supervising Investigator Anthony Mastantuono (New York State Department of Education), a system check revealed the defendant is not licensed as a massage therapist, nor does he possess a permit to practice massage therapy under a licensed massage therapist. The investigation into the defendant's conduct is ongoing, and felony charges are being considered by the New York State Attorney General's Office.

## ADDITIONAL SUPPLEMENTAL CHARGE

**Charge #4/**      **"You must follow the instructions of the probation officer related**
**Standard Condition #13**      **to the conditions of supervision."**

**Details:** On April 25, 2022, U.S. Probation Officer Specialist William Bova conducted a home contact at the defendant's residence, at which time he instructed the defendant to have no contact or communication with staff members of Spa at Falling Waters. The defendant acknowledged full understanding of that instruction and stated he would not have any contact or communication. On May 5, 2022, Supervising U.S. Probation Officer John Taberski was contacted by a staff member of Spa at Falling Waters, who provided screen shots of the defendant's communication with another spa staff member that date. The defendant stated to that person, "I'm sure there's bad rumors about me because Marie and Christiana both lied to the feds about me. They're both gonna be convicted of a felony. That should look really good for Christiana's resume. Marie is facing bankruptcy." After being told by the spa staff member that she did not want to become involved in the defendant's issues with the spa owner and manager, the defendant replied, "I respect that. Just want you to know I like you and you're a good person. When the place goes into foreclosure I'm buying it because I set aside the money."

It should be noted that when making his Initial Appearance before the Honorable H. Kenneth Schroeder, Jr. on April 18, 2022, the defendant claimed to have no assets, and the Federal Public Defender's Office was appointed to represent him as a result.

I declare under penalty of perjury that the forgoing is true and correct.

Executed on: May 6, 2022
Date

Signed by: _____
John P. Taberski
Supervising U.S. Probation Officer

Place: Buffalo, New York

Reviewed by: _____
Clifford D. Jackson
Deputy Chief U.S. Probation Officer

---

THE COURT ORDERS:

- ☐ No Action
- ☐ The Issuance of a Warrant
- ☒ The Issuance of a Summons for a Violation Hearing — May 11 at 10:30 am
- ☐ The Issuance of a Summons for a Modification Hearing
- ☐ Other

_____
Signature of Judicial Officer

May 6, 2022
Date